E-FILED
Monday, 22 September, 2008  11:14:41 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARNELL M. SMITH,
   Plaintiff,

vs.                                            No. 07-4087

DEAN BLUST, et. al,
   Defendants

## ORDER

The plaintiff, a state prisoner, filed this complaint on December 20, 2007. Unfortunately, the case was not set for merit review and no action was taken at that time. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff filed his complaint pursuant to 42 U.S.C. §1983 against three defendants including Monmouth Police Sergeant Dean Blust, Warren County States Attorney Chip Algren and Starting Point Shelter Employee John Morrison.

The plaintiff has divided his allegations into counts. In Count One, the plaintiff states on August 16, 2005, Defendant Morrison called Crime Stoppers and gave information against the plaintiff. The plaintiff says this information lead to his arrest and prosecution for burglary. The plaintiff says he was found not guilty. The plaintiff alleges that Morrison violated the Illinois laws of libel, slander and defamation. (Comp., p. 4) The plaintiff makes no reference to any constitutional or federal law violation.

In Count Two, the plaintiff says Defendant Blust violated his Fourth Amendment rights by filing a false affidavit based on the information he received from Defendant Morrison. The plaintiff says this lead to Defendant Algren filing the burglary charges against him. The plaintiff says Defendant Blust presented false evidence and perjured himself.

The plaintiff says "for count three, see attachments." (Comp, p.5). The plaintiff provided no attachments to his complaint, but several months later filed more than 60 pages of exhibits. This is not an appropriate way to state a claim. The Federal Rules of Evidence require that the plaintiff submit "a short and plain statement of his claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice

1

of the plaintiff's claim." *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 2002 WL 413172 at 4 (7th Cir. 2002) quoting *Davis v. Ruby Foods, Inc*, 269 F.3d 818, 820 (7th Cir. 2001). Neither the court nor the defendants can be expected to wade through dozens of pages of exhibits in hopes of finding "count 3."

In addition, since the plaintiff has failed to articulate any specific claims against Warren County States Attorney Algren, the court assumes this was the intended third claim in the complaint. However, prosecutors enjoy absolute immunity from suits for actions taken in the course of presenting their case. *Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated " with the judicial process); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994)(prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"). *See also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence.")

The exhibits do clarify some of the claims in the plaintiff's complaint. The plaintiff has included testimony from Defendant Blust at the preliminary hearing on the burglary charge. (Plain. Comp., Ex G). The defendant says on August 14, 2005, he was called to a restaurant after an employee reported a burglary. A state crime scene technician collected evidence at the scene including a white T-shirt with lettering on it. Defendant Blust testified that he took a picture of the shirt and had in published in the local newspaper asking if anyone had information about it.

The defendant says they received more than one response to the photo, including a call from the Starting Point Shelter. Another officer spoke with Defendant Morrison who said he saw the plaintiff wearing the same shirt. The plaintiff has failed to state any federal law claims against Defendant Morrison, and the court declines to declines to exercise supplemental jurisdiction over any possible state law claims. *See* 28 U.S.C. §1367c.

In addition, based on the information provided to the court in the plaintiff's complaint, the plaintiff has failed to state a claim upon which relief can be granted against Defendant Blust. Police officers enjoy absolute immunity from lawsuits brought pursuant to §1983 that seek damages arising out of their alleged perjured testimony before a grand jury, *Kincaid v Eberle,* 712 F.2d 1023 (7th Cir), or at trial. *Briscoe v La Hue,* 460 U.S. 325 (1983). In addition, the plaintiff accuses Blust of simply repeating info that he received from a potential witness, the crime scene technician and the crime lab.

The plaintiff has failed to state a claim upon which relief can be granted and therefore the court must dismiss this case.

**IT IS THEREFORE ORDERED that:**

    **1) The case is dismissed in its entirety pursuant to 28 U.S.C. §1915A for failure to**

state a claim.  The case is terminated without prejudice.  All other pending motions are denied as moot. [d/e 2, 3]

2) The dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk is directed to record the strike against the plaintiff.

3) The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

Entered this 22nd day of September, 2008.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE